IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                       Case No. 11-10097-JTM

CARL R. KIRKLEY,

    Defendant.


UNITED STATES OF AMERICA,

    Plaintiff,

vs.                       Case No. 11-10186-01-MLB

CARL R. KIRKLEY,

    Defendant.

MEMORANDUM AND ORDER

Before the court is defendant's Motion to Consolidate (Dkt. No. 65). For the following reasons, the court denies the motion.

On June 9, 2011, defendant was charged by Complaint in case number 11-10097, with two counts of possessing a firearm in furtherance of a drug trafficking crime, possession of a firearm not registered to him, distribution of methamphetamine, and possession with intent to distribute a

controlled substance. The Indictment was filed on June 21.[1] Trial began on August 23, and ended in a mistrial on the same day. The underlying facts of that case are well known and documented in this court's previous Orders and need not be repeated here. *See* Dkt. Nos. 32 & 54.

The facts of the new case are as follows. On June 7, 2011, officers of the Newton Police Department learned that defendant may have provided a firearm as collateral to a local bail bonding company in order to bail out of the Harvey County Detention Center. Officers interviewed the bondsman, Joe Foudray, who told them defendant had given him a Jimenez 9mm hangun. Mr. Foudray told the officers defendant contacted him on June 5, to bail him out of jail and said he would give him a 9mm hangun as collateral until he could come up with enough cash. Mr. Foudray agreed and bonded defendant out of jail. Both men met a defendant's mother's house, and defendant retrieved the gun from a camper on the property and gave it to Mr. Foudray. On June 8, defendant met with Detective Nedrow in the Harvey County Detention Center. Nedrow read him his Miranda rights, and defendant agreed to talk. Nedrow informed defendant he knew about the gun he had given to Mr. Foudray. Defendant initially denied owning the gun. Soon, however, he admitted a friend, Kevin Miller, gave him the gun for money Miller owed the defendant and that defendant gave the gun to Mr. Foudray as collateral for the bond. Thereafter, defendant was indicted on September 14, 2011, and charged with being a felon in possession of a firearm in case number 11-10186-01.

Defendant filed the present motion seeking to consolidate the two cases arguing "[c]onsiderable judicial economy and savings in costs and time to the parties involved can be accomplished by consolidating the [cases]." Dkt. No. 65, pgs. 2-3. The government opposes

---

[1]Counts II and V were dismissed the day of trial. *See* Dkt. No. 50.

consolidation arguing it would "greatly reduce the judicial expedition of the second case, and have minimal savings as far as judicial economy." Dkt. No. 70, pg. 9.

"The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment." FED. R. CRIM. P. 13. "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Thus, the initial question is whether the proposed consolidation meets the requirements of Rule 8. The two cases clearly meet the Rule 8 standard, as the cases are of a similar character. In fact, both cases stem from an incident occurring on May 24, 2011. Nevertheless, the court may still refuse to join the trials because Rule 13 is permissive rather than mandatory. *See* FED. R. CRIM. P. 13 ("The court *may* order that separate cases be tried together . . . .") (emphasis added). "In exercising its discretion the court should weigh the efficiency and convenience of a single trial against the risks of prejudice to the defendant from a single proceeding." 1A CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 216 (Criminal 4th ed. 2008).

This case presents an interesting situation in which granting the Motion to Consolidate would actually harm the judicial efficiency and convenience of the second trial. The government has indicated its intent to appeal the court's suppression ruling in the first case, thus, the appeal would delay resolution of the second case. Trial in the second case is currently scheduled for November 22, 2011. More importantly, depending on the resolution of the first case on appeal, there may be no case in which to consolidate. An unfavorable ruling for the government at the Tenth Circuit could

result in a refusal to pursue a trial in the first case. Additionally, although the cases are certainly interrelated in some respects, the specific facts of each incident are distinct. On the other side of the balance, defendant cannot show any risk of prejudice to him if the cases are not consolidated. Therefore, the court exercises its discretion under Rule 13 and denies defendant's Motion to Consolidate.

IT IS ACCORDINGLY ORDERED this 27th day of September 2011, that defendant's Motion to Consolidate (Dkt. No. 65) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE